LEWIS C. FLANAGAN, as Administrator of the Estate of ETHEL V. FLANAGAN, Deceased, Plaintiff, *v.* UNITY HOSPITAL, Defendant.

Supreme Court, Trial Term, Kings County, January 27, 1949.

*Robert H. Nix* for plaintiff.

*Desmond T. Barry* for defendant.

Powers, J. Four motions were made by the defendant in this case upon which decisions were reserved. Such motions were: To dismiss at the end of the plaintiff's case on the ground that the plaintiff has failed to prove a cause of action; to dismiss at the end of the whole case on the ground that the plaintiff has failed to prove a cause of action; at the end of the whole case to direct a verdict in favor of plaintiff; to set aside the verdict of the jury rendered in favor of plaintiff in the sum of $35,000 on the ground that it is against the weight of credible evidence, contrary to law, and on all the other usual grounds.

The plaintiff sued to recover damages for the death of his wife resulting from injuries sustained when she jumped or fell from a second story hospital window while in the labor room awaiting the birth of a child. It is contended that the hospital failed to exercise a reasonable degree of care for her safety in that it failed to provide proper safeguards on the windows to prevent an incident of this kind and to have a nurse in constant and uninterrupted attendance during the labor period. The evidence mainly consisted of expert testimony in which the plaintiff sought to prove that mental derangement prior to childbirth occurred with such sufficient frequency as to be a well-known hazard of childbirth in the medical profession, and that reasonable care to safeguard against injuries to women who might be visited with this misfortune required the defendant to provide safeguards on the windows and the constant and uninterrupted attendance of a nurse during the labor period of the deceased wife.

On the other hand, the defendant's expert testimony was that while recognizing the knowledge and existence of such childbirth hazard in the medical profession, it was exceedingly rare and not a danger ordinarily to be anticipated; that reasonable care for hospital patients undergoing labor prior to childbirth did not require safeguards on the windows and that the nurse super-

vision and attendance was adequate. There was thus created a question of fact as to the degree of reasonable care which should have been exercised by the defendant hospital to be resolved by the jury. Such question of fact was resolved by the jury in favor of plaintiff and a verdict of $35,000 was rendered in his favor. The defendant moves to set aside this verdict, as stated above, contending that by the jury's verdict so great a burden is imposed upon this and other hospitals that it would be impossible of performance.

With this conclusion I am unable to agree. It is a matter of common knowledge that childbirth itself is a hazard and one of deep apprehension and anxiety, not only to the expectant mother but to members of her family. It is within the memory of some of us when childbirth was more frequently had in homes rather than hospitals, and this, to some extent, even prevails today. Births occurring under such circumstances are usually attended during labor period and delivery by the presence of some member of the family at all times with the expectant mother and no one would think of leaving her alone. Even today, where births more frequently occur in hospitals, the expectant father or some member of the family of the expectant mother is usually at the hospital awaiting advice of the delivery of the child, and until that time, filled with grave apprehension and anxiety over the health of the mother and child. It is not expecting too much, where the expectant mother goes to the hospital, that she should have constant and uninterrupted hospital observation and attendance during her labor period. This does not impose an impossible burden upon the hospital. The patient and the patient's relatives have the right to expect that greater care will be given to the patient in the hospital than at home, and if, by comparison, at home the patient would be constantly attended, she should receive no less attention at the hospital, even though modern science and medicine may to some extent relax the vigilance for the patient.

I conclude that a question of fact was submitted to the jury, and it having been determined in favor of the plaintiff after weighing the evidence, this court should not set it aside. Accordingly, all motions made by the defendant upon which decisions were reserved are hereby denied. Thirty days' stay of execution and sixty days to make a case granted.